UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIRGINIA JONES and DWIGHT HALLET, Plaintiffs, v. MICHAEL PAQUETTE, et al., Defendants. | Civil Action No. 25-30100-MGM |

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION OF DISMISSAL
(Dkt. No. 4)
January 8, 2026

MASTROIANNI, U.S.D.J.

On May 23, 2025, Plaintiffs, Virginia Jones and Dwight Hallett, filed their complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) In their complaint, they alleged three employees of a car dealership located in Northampton, Massachusetts deceived them into purchasing a vehicle they did not select and financing it on unfavorable terms. The case was randomly assigned to United States Magistrate Judge Katherine Robertson and, on December 19, 2025, she granted the motion for leave to proceed *in forma pauperis* and ordered the case be reassigned for disposition in the absence of consent by all parties to her jurisdiction. *See* 28 U.S.C. § 636(b)(1)(A). Judge Robertson also recommended the receiving judge dismiss the case for lack of subject matter jurisdiction. The R&R informed Plaintiffs that they had fourteen days from service of the R&R to file written objections. A copy of the R&R was mailed to Plaintiff on December 19, 2025 and objections were due within fourteen days of service. As of the date of this order, Plaintiffs have not filed any

objections to the R&R.[1] The court has reviewed the R&R, as well as the Complaint, and agrees with Judge Robertson's analysis that the court lacks subject matter jurisdiction over Plaintiffs' claims.

As Judge Robertson explained in her Order for Reassignment and Recommendation of Dismissal ("R&R"), federal courts have limited jurisdiction, and this court can only hear cases over which it has subject matter jurisdiction. *United States v. Univ. of Mass. Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). This court has subject matter jurisdiction over cases arising under federal laws and involving citizens of "diverse" states, where the amount in controversy exceeds $75,000. Plaintiffs have cited federal laws in their complaint, but those laws do not provide a basis for relief given the facts alleged. Employees of a private car dealership do not act "under color of state law," as required for a claim brought pursuant to 42 U.S.C. § 1983, and private individuals cannot bring civil claims under 18 U.S.C. §§ 1341 and 1343, federal laws criminalizing mail and wire fraud. Additionally, Plaintiffs are both citizens of Massachusetts and, based on the alleged facts, it appears that most, or all, of the named defendants are also Massachusetts citizens.

For these reasons, and in the absence of any objections, the court hereby ADOPTS Judge Robertson's R&R (Dkt. No. 4) accordingly, this case is DISMISSED for lack of subject matter jurisdiction. This case may now be closed.

It is So Ordered.

      /s/ Mark G. Mastroianni
      MARK G. MASTROIANNI
      United States District Judge

---

[1] Service of the R&R was complete when the R&R was mailed to Plaintiff. Fed. R. Civ. P. 5(b)(2)(C). Because service was made by mail, three additional days were added to the fourteen-day period for filing objections and Plaintiff's objections were due on January 5, 2025. Fed. R. Civ. P. 6(d).